IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHADDRICK VAUGHN, #234790, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-955-TMH ) [WO] ) |
| ALA. DEPT. OF CORRECTIONS, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court pursuant on a 42 U.S.C. § 1983 complaint filed by Shaddrick Vaughn ["Vaughn"], a state inmate currently incarcerated at the Fountain Correctional Facility, on October 11, 2012.[1] In this case, Vaughn complains he was improperly incarcerated at the Limestone Correctional Facility from January 12, 2005 until April 12, 2006. *Complaint - Doc. No. 1* at 3. Specifically, Vaughn contends Billy Mitchem, the warden at Limestone during the relevant period of incarceration, and Kathy Holt, the Director of Classification at such time, failed to release him from confinement upon the

---

[1] Although the Clerk indicated receipt of the complaint on October 31, 2012, Vaughn certified execution of the complaint on October 11, 2012. *Doc. No. 1* at 4. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Vaughn] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, this court considers October 11, 2012 as the appropriate date of filing for this cause of action.

expiration of his term of incarceration in January of 2005 thereby resulting in his improper imprisonment until his release on April 12, 2006. *Id*. Vaughn seeks monetary damages for the time he remained in prison beyond his alleged proper end of sentence. *Id*. at 4.

Upon review of the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[2]

## II.  DISCUSSION

A civil action asserting violations of a prisoner's constitutional rights may be filed "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The Limestone Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the actions about which the

---

[2] Vaughn filed an application for leave to proceed *in forma pauperis*. *Doc. No. 2*. However, in light of the provisions of 28 U.S.C. § 1915 and under the circumstances of this case, the court concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

plaintiff complains occurred within the jurisdiction of the Northern District of Alabama. Moreover, Billy Mitchem, resides in the Northern District of Alabama. Although Kathy Holt resides in the Middle District of Alabama, she is subject to suit in all federal courts of this state for actions undertaken with respect to her actions as the Director of Classification for the Alabama Department of Corrections. It is therefore clear to this court that the majority of witnesses and evidence associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[3]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before **November 16, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that

---

[3] In transferring this case, the court makes no determination with respect to the merits of the plaintiff's claims for relief.

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 2nd day of November, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE